*439 BUMGARDNER, J.,
dissenting.
I dissent from the holding that XL Specialty Insurance Company is asserting a claim for equitable subrogation that the doctrine of sovereign immunity bars. I would reverse the trial court on both issues.
Bravos Concrete, Inc. entered two contracts with the Commonwealth of Virginia Department of Transportation for the construction of two separate highway projects. The Commonwealth required Bravos to provide for performance bonds, which XL Specialty Insurance Company furnished. Bravos defaulted, and the Commonwealth made demand on XL for performance. XL completed the projects and filed claims for the amounts it discovered the Department had overpaid Bravos.
XL asserts a claim for breach of rights owed it by the Commonwealth that arise from the duties owed by a primary obligee to its surety. XL is not asserting the rights of Bravos to which it is entitled by subrogation. It is not asserting an equitable remedy. It is asserting a right owed directly to it under the law of suretyship.
A suretyship relationship existed between the Commonwealth, Bravos Concrete, and XL. It arose from two bilateral contracts: the primary obligation that existed between Bravos Concrete and the Commonwealth; and the secondary obligation that existed between XL and Bravos Concrete. The Commonwealth was the intended beneficiary of the contract between Bravos Concrete and XL for the performance bond.
Suretyship is a status that created specific rights and duties that ran between the Commonwealth and XL. It afforded the Commonwealth the right to enforce the contract directly against XL. Correspondingly, it granted XL certain defenses to the claims that the Commonwealth could bring against it on its bond. Critical suretyship defenses arise if the primary obligee does an act that increases the risk of loss to the surety. An act that increases the risk of loss impairs the suretyship status and discharges the surety from its duty of performance. The protection against impairment of surety- *440 ship status also gives the surety a claim against the principal obligee to the extent the impairment would have discharged the surety from performance. Restatement (3d) Suretyship and Guarantee § 37(4), at 159 (1996).
Case law in the Commonwealth comports with the Restatement (3d) Suretyship and Guarantee (1996). American Surety Co. v. Plank & Whitsett, Inc., 159 Va. 1,165 S.E. 660 (1932), held: “Payments of substantial sums before they are due, or failure to retain the required percentage, are generally held to be such variations in the terms of the contract as will discharge the surety from its obligation to the owners.” Id. at 10, 165 S.E. at 663. Southwood Builders, Inc. v. Peerless Ins. Co., 235 Va. 164, 366 S.E.2d 104 (1988), affirmed the discharge of the surety where the beneficiary of the builder paid the subcontractor before the sums were due. Board of Supervisors of Fairfax Co. v. Southern Cross Coal Corp., 238 Va. 91, 380 S.E.2d 636 (1989), held the defense of material deviation is an affirmative defense against a claim brought by the principal obligee against the surety on a bonded obligation.
In this case, the Commonwealth has raised the defense of sovereign immunity to a civil action alleging it overpaid Bravos Concrete. The action stated a claim for breach of a duty owed by the Commonwealth to XL. The Commonwealth’s duty arose from its status as the intended beneficiary of Bravos Concrete’s contract with XL for a performance bond. XL was asserting its own rights; not the rights of another acquired by subrogation.
XL’s claim arose out of the law of suretyship that protected it from impairment of its status as a surety. The rights constituted an affirmative defense to any suit by the Commonwealth brought to enforce its contract rights to performance by its surety. As the intended beneficiary of Bravos Concrete’s contract with XL, the Commonwealth acquired rights to performance by the surety. However, it also incurred the duty to the surety not to impair its status as surety. Acting to impair the surety’s status would discharge the surety from the performance it owed the Commonwealth. Those reciprocal *441 rights and duties arise from law of suretyship. They directly defined the scope of the Commonwealth’s contractual right to performance by XL and the extent of XL’s contractual obligation to perform.
“A surety’s rights are defined by the express terms of the contract that gives rise to the suretyship relationship as well as by common law rights that supplement the parties’ undertaking.” Peter A. Alces, The Law of Suretyship and Guaranty § 2.2 (Thompson West, 2003) (citing Restatement (3) § 17). The rights arise “as a matter of status in the transaction rather than by express agreement.” Restatement (3d) Suretyship and Guarantee § 1, at 6.
Sovereign immunity does not apply to actions based upon contracts. Wiecking v. Allied Medical Supply Corp., 239 Va. 548, 551, 391 S.E.2d 258, 260 (1990), held: “The doctrine of sovereign immunity is ‘alive and well’ in Virginia, as a defense to actions in tort, but we have never extended that defense to actions based upon valid contracts entered into by duly authorized agents of the government.” (Citation omitted.)
The doctrine of sovereign immunity should not bar the claims of XL Insurance. The claim seeks to enforce a duty owed XL arising from the suretyship status created by a valid contract made by the Commonwealth. XL does not assert a claim for subrogation or for equitable subrogation, nor does it assert an equitable remedy where no contract at law exists. It brings an action asserting rights arising from valid contracts that the Commonwealth sought, negotiated, and entered. The doctrine of sovereign immunity is not meant to protect the Commonwealth from its contracts. “[S]ince 1778, the ‘cherished policy of Virginia’ [is] to allow to citizens ‘the largest liberty of suit against herself in contract cases.” Id. at 553, 391 S.E.2d at 261 (citing Higginbotham’s Ex’x v. Commonwealth, 66 Va. (25 Gratt.) 627, 637 (1874)). Accordingly, I respectfully dissent from the majority opinion on that issue.